RECEIVED
IN LAKE CHARLES, LA
APR 13 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20044-003 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| KIZZIE LAKIEU HARDMAN | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

At the close of the trial of Kizzie Hardman, after the jury had returned a guilty verdict, this court advised counsel that a Rule 29 Motion for Judgment of Acquittal was being considered.

In considering the motion for judgment of acquittal, F.R.Crim.P. 29, the court must consider the evidence in the light most favorable to the Government[1] together with all inferences which may reasonably be drawn from the facts.[2] The determining inquiry is whether there is substantial evidence upon which a jury might reasonably base a finding that the accused is guilty beyond a reasonable doubt.[3]

Under Rule 29, a trial judge "has the duty to grant the motion for judgment of acquittal when the evidence, viewed in the light most favorable to the government, is so scant that the jury could

---

[1] *McFarland v. United States*, 5 Cir., 1960, 273 F.2d 417; *United States v. Carter*, 6 Cir., 1963, 311 F.2d 934

[2] *Cartwright v. United States*, 10 Cir., 1964, 335 F.2d 919.

[3] *Blachly v. U.S.*, 380 F.2d 665, 675 (C.A.La. 1967); *United States v. Scott*, 159 F.3d 916, 920 (5th Cir.1998).

only speculate as to defendant's guilt."[4] In reviewing challenges to the sufficiency of the evidence, the court of appeal will affirm "if a rational trier of fact could have found that the government proved all essential elements of the crime beyond a reasonable doubt."[5] If, on the other hand, "the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, the conviction should be reversed."[6]

In the case at bar, the defendant was charged with Conspiracy to Possess with Intent to Distribute Cocaine Base (Crack). The Government introduced much evidence concerning Donivan Lewis's and Eddie Sutton's involvement in the conspiracy. Hardman was Sutton's girlfriend.

Thelma Woodard testified that the defendant confessed her involvement in the conspiracy. She testified that Hardman told her where in the house the drugs were hidden. Hardman told Woodard that several people distributed drugs for her and Sutton in the Lake Charles area. Hardman told Woodard that Sutton traveled to Houston to obtain cocaine and that he brought it back to Lake Charles. Hardman told Woodard that she and Sutton had made $100,000 from selling drugs and they would stop when they made an additional $100,000.

Donivan Lewis testified that on one trip to Houston, Hardman was in the car when Sutton picked him up. Lewis once gave Hardman $5000 in drug proceeds to deliver to Sutton. He also

---

[4] *United States v. Herberman*, 583 F.2d 222, 231 (5th Cir.1978).

[5] *United States v. Castro*, 15 F.3d 417, 419 (5th Cir.), *cert. denied*, 513 U.S. 841, 115 S.Ct. 127, 130 L.Ed.2d 71 (1994).

[6] *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir.1994); *U.S. v. Schuchmann* 84 F.3d 752 (1996), 753-754 (C.A.5 (Tex.),1996).

testified that Hardman was present in the home when he went to obtain cocaine and crack from Sutton.

Jason Alford was with Donivan Lewis on the trip to Houston when Hardman was in Sutton's car. Sutton exited the vehicle with a large cereal box containing crack.

The evidence showed that Sutton distributed drugs from Hardman's vehicle on many occasions. Sutton used their common home to cook crack and to meet with his distributors including Donivan Lewis and Frederick Tippett, a/k/a "Roach." Sutton used a cell phone, which was in Hardman's name, to facilitate the drug transactions.

The police found a large quantity of drugs and drug money in the home shared by Hardman and Sutton. The cocaine and paraphernalia was in different locations and in plain view.

Viewed in the light most favorable to the prosecution, the evidence provides the jury support to have found that the defendant was guilty beyond a reasonable doubt. Evidence existed to support that Hardman knew about and was actively involved in Sutton's drug activities. The jury apparently believed the evidence beyond a reasonable doubt. This court cannot overturn credibility determinations. Accordingly, the defendant's Rule 29 motion for an acquittal will be denied.

The defendant has moved, in the alternative, for a new trial.[7] Granting a motion for a new trial pursuant to Rule 33 is permissible if it is necessitated by the interests of justice. *United States v. Robertson,* 110 F.3d 1113, 1117 (5th Cir.1997). If granted, the government would have a second opportunity to try the accused. *See generally Miller v. United States,* 224 F.2d 561, 562 (5th

---

[7] The government did not address this part of the defense's argument.

3

Cir.1955). In determining whether to grant the Rule 33 motion for a new trial, the district court must carefully "weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial," *Robertson*, 110 F.3d at 1117 (citing *Tibbs v. Florida*, 457 U.S. 31, 37-38, 102 S.Ct. 2211, 2215-16, 72 L.Ed.2d 652 (1982)), but must not entirely usurp the jury's function, *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir.2001), or simply set aside a jury's verdict because it runs counter to result the district court believed was more appropriate. *See, e.g., Robertson*, 110 F.3d at 1118.

Setting aside a jury's guilty verdict in the interests of justice may be appropriate under circumstances where the evidence brought forth at trial may tangentially support a guilty verdict, but in actuality, "preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred." *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980). *Accord, e.g., Robertson*, 110 F.3d at 1118; *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir.1988). Similarly, while vested with discretion to grant a new trial pursuant to Rule 33, the court has observed that this power should be exercised infrequently by district courts, unless warranted by "exceptional" circumstances. *U.S. v. Tarango*, 396 F.3d 666 (2005), 671-672 (C.A.5 (Tex.),2005); *See also United States v. Scroggins*, 379 F.3d 233, 239 (5th Cir.2004) (citation omitted); *United States v. Sinclair*, 438 F.2d 50, 51 n. 1 (5th Cir.1971).

The evidence brought forth at trial supports a guilty verdict and does not "preponderate sufficiently heavily against the verdict." *Id.* The verdicts of the jury reflect no miscarriage of justice. The defendant has not shown exceptional circumstances that would warrant granting a new trial.

Accordingly, viewing the evidence and reasonable inferences in a light most favorable to the government, and accepting the jury's credibility determinations, the defendant's motion for a

judgment of acquittal and, alternatively for a new trial, will be denied.

Lake Charles, Louisiana, this 12 day of April, 2006.

*[signature]*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE