U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV 2 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20044-0 |
| VS. | : | JUDGE MINALDI |
| KIZZIE LAKIA HARDMAN | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the government's objections to the Presentence ("PSR") prepared by the Probation Department.

The government objects to ¶77 of the PSR which states that Kizzie Hardman ("Hardman") meets the criteria of the U.S.S.G. § 5C1.2, or the "safety valve" provision. The government asserts that Hardman has not cooperated with the government and alleges that she, in fact, attempted to impede the government's prosecution of this matter by committing perjury during her trial.

To be eligible for the safety valve provision of 18 U.S.C. § 3553(f), adopted verbatim in U.S.S.G. § 5C1.2, a defendant must meet five requirements: (1) she did not have more than one criminal history point; (2) she did not use, or threaten to use, violence or possess a firearm; (3) the offense did not result in death or serious bodily injury; (4) she was not a manager or supervisor; and (5) *she truthfully provided all information concerning the offense to the Government before the sentencing hearing.* (emphasis added). 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; *U.S. v. Forte*, 2003 WL 1922910, *18 (C.A.5 (Tex. (C.A.5 (Tex.), 2003). The defendant has the burden of ensuring that she has provided all the information and evidence regarding the offense to the Government. This she

must do no later than at the time of the sentencing hearing regardless whether the Government requests such information. *U.S. v. Flanagan* 80 F.3d 143, *146 -147 (C.A.5 (Tex .),1996).

In part, § 5C1.2 requires a defendant to truthfully provide the government with "all information and evidence the defendant has concerning the offense," U.S.S.G. § 5C1.2(5). The fact that Hardman chose to go to trial does not make her automatically ineligible for the safety valve. While it is true that the safety valve may be available to those who put the government through a trial or wait until the last minute to disclose useful information, *see United States v. Tournier,* 171 F.3d 645, 647 (8th Cir.1999), the safety valve is unavailable to those who have access to information and do not provide it, *see United States v. Wrenn,* 66 F.3d 1, 3 (1st Cir.1995) (observing that the Guidelines contemplate "an affirmative act of cooperation with the government" beyond acceding to allegations during colloquy with the court); *U.S. v. Woods*, 210 F.3d 70, 76 (C.A.1 (R.I.), 2000). Since Hardman never cooperated with the government at any time during her trial or sentencing, the government's objection will be sustained. *U.S. v. Akinwale,* 2000 WL 1763358, *3 (C.A.7 (Ill. (C.A.7 (Ill.), 2000). Accordingly, the two level decrease will be removed from the guidelines computation, leaving a total offense level of 29 and a Criminal History Category of I. The guideline range is 87 to 108 months, but there is a minimum mandatory sentence of 120 months, which will apply in this case.

The government objects to the criminal history score stating that ¶47 of the PSR reflects a conviction for aggravated assault in 1998. No points were assigned for this offense. ¶51 indicates a theft of goods charge in 1995. No criminal history points were assigned for this charge. Probation indicates that no criminal history points were assigned for the conviction in ¶47 because they were not able to determine if the defendant was represented by counsel, or if she voluntarily waived that

2

right. No court records were located to verify the conviction and sentence in ¶51. Absent this information, Probation was correct in not assessing criminal history points for these convictions.

The government also argues that the defendant's offense level should be increased by two additional points pursuant to U.S.S.G. §3C1.1, obstructing the administration of justice. The government alleges that Hardman attempted to impede the administration of justice when: 1) she threatened Thelma Woodard while they were both incarcerated at the Calcasieu Parish Correctional Center; 2) when Hardman committed perjury in testifying that she had no knowledge of Eddie Sutton's drug dealings;[1] and 3) by calling Eddie Sutton as a witness in her defense because he allegedly lied about her lack of knowledge and involvement.

The Application Notes in the Commentary to U.S.S.G.§ 3C1.1 provide that:

> **1.** This adjustment applies if the defendant's obstructive conduct (A) occurred during the course of the investigation, prosecution, or sentencing of the defendant's instant offense of conviction, and (B) related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) an otherwise closely related case, such as that of a co-defendant.
>
> **2.** This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision. In applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice.
>
> **3.** Obstructive conduct can vary widely in nature, degree of planning, and

---

[1] The government asserts that the guilty verdict by the jury is evidence that Hardman lied.

seriousness. Application Note 4 sets forth examples of the types of conduct to which this enhancement is intended to apply. Application Note 5 sets forth examples of less serious forms of conduct to which this enhancement is not intended to apply, but that ordinarily can appropriately be sanctioned by the determination of the particular sentence within the otherwise applicable guideline range. Although the conduct to which this enhancement applies is not subject to precise definition, comparison of the examples set forth in Application Notes 4 and 5 should assist the court in determining whether application of this enhancement is warranted in a particular case.

**4.** The following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies:

**(a)** threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so;

**(b)** committing, suborning, or attempting to suborn perjury;

**(c)** producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding;

**(d)** destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (**e.g.,** shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting to do so; however, if such conduct occurred contemporaneously with arrest (**e.g.,** attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it results in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender;

**(e)** escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding;

**(f)** providing materially false information to a judge or magistrate;

**(g)** providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense;

**(h)** providing materially false information to a probation officer in respect to a presentence or other investigation for the court;

**(i)** other conduct prohibited by obstruction of justice provisions under Title 18, United States Code (e.g., 18 U.S.C. §§ 1510, 1511);

**(j)** failing to comply with a restraining order or injunction issued pursuant to 21 U.S.C. 853(e) or with an order to repatriate property issued pursuant to 21 U.S.C. 853(p).

This adjustment also applies to any other obstructive conduct in respect to the official investigation, prosecution, or sentencing of the instant offense where there is a separate count of conviction for such conduct.

The United States Supreme Court discussed what constitutes perjury for the purposes of U.S.S.G. § 3C1.1 in *U.S. v. Dunnigan*, 507 U.S. 87, 94-97, 113 S.Ct. 1111,1116 - 1118 (U.S.W.Va.,1993). In determining what constitutes perjury, the court relied upon the definition that has gained general acceptance and common understanding under the federal criminal perjury statute, 18 U.S.C. § 1621. A witness testifying under oath or affirmation violates this statute if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. See § 1621(1); *United States v. Debrow*, 346 U.S. 374, 376, 74 S.Ct. 113, 114, 98 L.Ed. 92 (1953); *United States v. Norris*, 300 U.S. 564, 574, 576, 57 S.Ct. 535, 539, 540, 81 L.Ed. 808 (1937).

The court reasoned that not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury. An accused may give inaccurate testimony due to confusion, mistake, or faulty memory. In other instances, an accused may testify to matters such as lack of capacity, insanity, duress, or self-defense. Her testimony may be truthful, but the jury may nonetheless find the testimony insufficient to excuse criminal liability or prove lack

5

of intent. See U.S.S.G. § 6A1.3 (Nov.1989); Fed.Rule Crim.Proc. 32(c)(3)(D). See also *Burns v. United States,* 501 U.S. 129, 134, 111 S.Ct. 2182, 2185, 115 L.Ed.2d 123 (1991).

The issue of perjury arises, in part, because this court ordered a polygraph test. The polygraph was an effort to verify the defendant's claim of innocence. Because the polygraph indicated deception and the defense challenges the polygraph methods, the results of that test are not being considered by the court.

The fact that there were witnesses who contradicted Hardman's testimony and that Hardman later gave contradictory statements is not dispositive. This court does not find the elements necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition established by the Supreme Court by virtue of Hardman's trial testimony. The offense level remains 29, with a Criminal History Category of I. The guideline range is 87 to 108 months, with a minimum mandatory sentence of 120 months.

Lake Charles, Louisiana, this __30__ day of October, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE